**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSLVANIA**

| | |
|---|---|
| SCOTT REGES<br>580 Goshen Rd.<br>Emlenton, PA 16373<br><br>Plaintiff<br>v.<br><br>JUGRAJ SINGH<br>1090 Teakwood St.<br>Turlock, CA 95380<br><br>BLUE HORSE TRUCKING INC.<br>2003 Madison Ave.<br>Indianapolis, IN 46225<br><br>Defendants | No. 2:25-cv-1215<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

AND NOW COMES the Plaintiff, Scott Reges, by and through his counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendants, and in support thereof avers as follows:

**PARTIES**

1. The Plaintiff, Scott Reges (hereinafter "Plaintiff") is an adult individual who resides at 580 Goshen Rd., Emlenton, PA 16373.
2. The Defendant, Jugraj Singh (hereinafter "Defendant") is an adult individual who resides at 1090 Teakwood St., Turlock, CA 95380.
3. The Defendant, Blue Horse Trucking Inc. (hereinafter "BHT") is an Indiana Corporation with a registered address at 2003 Madison Ave., Indianapolis, IN 46225.
4. At all relevant times, the Defendant was the agent, servant, workman and/or employee of BHT, and was operating a tractor trailer in the course and scope of his employment.

5. At all material times hereto, the Defendant had an unsafe driving record with multiple traffic violations, including operating a commercial motor vehicle (CMV) while using a handheld telephone and driving over the hours of service (HOS), specifically the 11 hour rule.
6. At all material times hereto, BHT knew or had reason to know about the Defendant's unsafe driving record.
7. This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1332 as the Plaintiff is a citizen of Pennsylvania and the Defendant is a citizen of California, BHT's principal place of business is Indiana, the crash occurred in Clarion County, and the amount in controversy exceeds $150,000.

## FACTUAL BACKGROUND

8. On July 7, 2025 at approximately 2:21 p.m., the Plaintiff was in the course and scope of his employment fixing a broken down tractor-trailer on the north shoulder of I-80 in Clarion County near mile marker 47.6.
9. At all material times the roads were wet.
10. At all material times the wet road conditions affected traction.
11. At all material times, the weather and road conditions were hazardous as defined by FMCSR 392.14.
12. On the same date, place and time, the Defendant was traveling west on I-80 in the right lane at a high rate of speed.
13. Upon information and belief, the Defendant was traveling at or near the posted speed limit of 70 mph.

14. Said speed was well in excess of the speed he should have been traveling in hazardous conditions.
15. Upon information and belief, the Defendant was in violation of the hours of service.
16. Upon information and belief, the Defendant was utilizing his cellular device.
17. Due to his high rate of speed, fatigue and level of distraction, the Defendant's vehicle left his lane of travel and struck the broken-down tractor-trailer.
18. After striking the broken-down tractor-trailer, he then struck the Plaintiff.
19. Upon impact the Plaintiff went flying, suffering horrific injuries.
20. After the impact, the Defendant would not allow the Investigating State Trooper to view his dash cam footage of the crash.
21. Just a little over a month before this crash on May 26, 2025, the Defendant was pulled over and charged with operating a CMV while using a handheld telephone and violating the 11-hour rule.
22. In the last two years, BHT had the following known issues that they failed to address and/or remedy:
    a. Speeding – 15 violations
    b. Lane violations – 7 violations
    c. Using a cell phone – 2 violations
    d. Severe HOS violations – 15 violations (Severity weight of 5+)
23. As a result of the impact, the Plaintiff suffered serious injuries to his entire body.
24. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**SCOTT REGES v. JUGRAJ SINGH**

25. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

26. The negligence, carelessness and/or recklessness of the Defendant, individually and as the agent, servant, worker and/or employee of BHT, consisted of the following:

    a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b. Driving too fast for the conditions;

    c. Failing to pay proper attention while operating his tractor trailer;

    d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

    e. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

    f. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    g. Failing to remain alert;

    h. Traveling at an excessive rate of speed under the circumstances in violation of the FMCSR 392.14;

    i. Traveling at an excessive rate of speed despite hazardous conditions in violation of FMCSR 392.14;

    j. Failing to make necessary and reasonable observations while operating his tractor trailer;

    k. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the Plaintiff;

    l. Failing to timely and properly apply his brakes;

m. Consciously choosing to operate his CMV while utilizing a cellular phone in violation of FMCR 392.82;

n. Consciously choosing to drive over the speed limit despite the hazardous weather conditions in violation of FMCSR 392.14;

o. Consciously choosing to drive at a high rate of speed despite being fatigued due to the fact that he was in violation of the hours of service;

p. Consciously choosing to drive at a high rate of speed in hazardous weather conditions while fatigued and utilizing a cellular phone despite knowing that he was creating an increased risk of crashing his tractor trailer; and

q. Acting with a conscious disregard for the rights and safety of the Plaintiff.

27. As a direct and proximate cause of the negligence and/or recklessness of the Defendant, the Plaintiff suffered the following injuries:

a. Shattered pelvis;

b. Fractured ankle and heel;

c. Multiple fractured ribs;

d. Pneumothorax;

e. Multiple spinal fractures;

f. Kidney laceration and failure;

g. Lacerations;

h. Scarring;

i. Bruising;

j. Anxiety and panic attacks;

k. Spleen injury;

l. Insomnia; and

m. Pressure Ulcers.

28. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries including the following procedures:

    a. Multiple tube thoracostomies;

    b. ORIF

    c. Abdominal exploratory laparotomy;

    d. Splenectomy;

    e. Tracheostomy;

    f. Central venous catheter for hemodialysis;

    g. Thoracentesis; and

    h. Intubation.

29. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

30. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

31. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

32. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

33. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

34. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity / potential.

**WHEREFORE**, the Plaintiff, Scott Reges, hereby seeks all damages allowed including punitive damages from the Defendant, Jugraj Singh, in an amount in excess of $150,000.00.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**SCOTT REGES v. BLUE HORSE TRUCKING, INC. as being vicariously liable for Jugraj Singh**

35. The preceding paragraphs are incorporated herein by reference as though fully set forth.

36. The negligence, carelessness, and/or recklessness of BHT, as being vicariously liable for the actions of Jugraj Singh, consisted of the following:

a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

b. Driving too fast for the conditions;

c. Failing to pay proper attention while operating his tractor trailer;

d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

e. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

f. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

g. Failing to remain alert;

h. Traveling at an excessive rate of speed under the circumstances in violation of the FMCSR 392.14;

i. Traveling at an excessive rate of speed despite hazardous conditions in violation of FMCSR 392.14;

j. Failing to make necessary and reasonable observations while operating his tractor trailer;

k. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the Plaintiff;

l. Failing to timely and properly apply his brakes;

m. Consciously choosing to operate his CMV while utilizing a cellular phone in violation of FMCR 392.82;

n. Consciously choosing to drive over the speed limit despite the hazardous weather conditions in violation of FMCSR 392.14;

o. Consciously choosing to drive at a high rate of speed despite being fatigued due to the fact that he was in violation of the hours of service;

p. Consciously choosing to drive at a high rate of speed in hazardous weather conditions while fatigued and utilizing a cellular phone despite knowing that he was creating an increased risk of crashing his tractor trailer; and

q. Acting with a conscious disregard for the rights and safety of the Plaintiff.

37. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Scott Reges, hereby seeks all damages including punitive damages from the Defendant, Blue Horse Trucking, Inc., as being vicariously liable for Jugraj Singh, in an amount in excess of $150,000.00.

**COUNT III**
**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION**
**SCOTT REGES v. BLUE HORSE TRUCKING, INC.**

38. The preceding paragraphs are incorporated herein by reference as though fully set forth.

39. BHT had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

40. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

41. The negligence, carelessness and/or recklessness of BHT, individually and through its various employees, servants, agents and/or workers including, but not limited to Jugraj Singh, consisted of the following:

a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

d. Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations including cell phone usage and hours of service;

e. Hiring and/or continuing to employ the Defendant despite the fact that that he had a propensity for speeding;

f. Hiring and/or continuing to employ the Defendant despite his previous driving record;

g. Failing to have an appropriate disciplinary policy within the company;

h. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

i. Permitting the Defendant to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

j. Failing to train and/or properly train the Defendant prior to allowing him to operate its tractor trailer;

k. Allowing the Defendant to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

l. Failing to implement and/or enforce an effective safety system;

m. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

n. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

o. Failing to monitor and/or regulate its drivers' actions;

p. Failing to monitor and/or regulate its drivers' hours;

q. Failing to monitor and/or regulate speed at which the drivers drove;

r. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

s. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

t. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

u. Failing to have a policy or mechanism in place to address excessive speed in hazardous conditions;

v. Failing to have a policy or mechanism in place to address cell phone usage;

w. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

x. Failing to act upon and remedy known violations of FMCSA regulation 392.82, 392.14 and 395.

42. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Scott Reges, hereby seek all damages including punitive damages from the Defendant, Blue Horse Trucking, Inc. in an amount in excess of $150,000.00.

Respectfully submitted,

MORGAN & MORGAN

BY: */s/ Kevin Clancy Boylan*

KEVIN CLANCY BOYLAN, ESQUIRE
Pa ID# 314117
Attorneys for the Plaintiff
Morgan & Morgan
603 Stanwix St., Ste. 1825
Pittsburgh, PA 15222