## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSLVANIA

SCOTT REGES
580 Goshen Rd.
Emlenton, PA 16373

                Plaintiff

        v.

JUGRAJ SINGH
1090 Teakwood St.
Turlock, CA 95380

BLUE HORSE TRUCKING INC.
2003 Madison Ave.
Indianapolis, IN 46225

CH ROBINSON COMPANY INC., d/b/a CH
ROBINSON WORLDWIDE INC.
14701 Charlson Rd.
Eden Prairie, MN 55347

                Defendants

No. 2:25-cv-01215

JURY TRIAL DEMANDED

## AMENDED COMPLAINT

AND NOW COMES the Plaintiff, Scott Reges, by and through his counsel, Morgan &

Morgan Philadelphia, PLLC, and hereby files the instant Amended Complaint against the above-

named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Scott Reges (hereinafter "Plaintiff") is an adult individual who resides at

   580 Goshen Rd., Emlenton, PA 16373.

2. The Defendant, Jugraj Singh (hereinafter "Defendant") is an adult individual who resides

   at 1090 Teakwood St., Turlock, CA 95380.

3. The Defendant, Blue Horse Trucking Inc. (hereinafter "BHT") is an Indiana Corporation

   with a registered address at 2003 Madison Ave., Indianapolis, IN 46225.

4. The Defendant, CH Robinson Company, Inc., d/b/a CH Robinson Worldwide Inc. (hereinafter "CHR") is a Minnesota Corporation with a registered address at 14701 Charlson Rd., Eden Prairie, MN 55347.

5. At all relevant times, the Defendant was the agent, servant, workman and/or employee of BHT and/or CHR, and was operating a tractor trailer in the course and scope of his employment.

6. At all material times hereto, the Defendant had an unsafe driving record with multiple traffic violations, including operating a commercial motor vehicle (CMV) while using a handheld telephone and driving over the hours of service (HOS), specifically the 11 hour rule.

7. At all material times hereto, BHT and/or CHR knew or had reason to know about the Defendant's unsafe driving record.

8. At all material times, the vehicle operated by the Defendant was owned, leased, assigned, and/or operated by Defendants and was being operated and/or controlled by Defendant Singh with the consent of the Defendants and for the financial benefit of the Defendants.

9. At all material times, Defendant Singh was employed and/or contracted to perform services for and was operating the vehicle for Defendants under the Defendants' USDOT operating authority and was subject to their supervision, control or right to control, such that Defendants should be considered his actual and statutory employer and therefore vicariously liable for Defendant Singh's negligence and recklessness.

10. At all material times, Defendant Singh was the servant, workman and/or employee of Defendants and was acting in the course and scope of his employment, under the

direction, control and authority of Defendants and was the permissive user on behalf of all Defendants, of the vehicle involved in the crash.

11. At all material times, Defendant Singh was the agent of Defendants vested with actual and/or apparent authority of Defendants and was the permissive user on behalf of all Defendants, of the vehicle involved in the crash.

12. At all material times, Defendants acted as one single entity and operated and conducted business as a single entity for transportation services in interstate commerce.

13. At all material times, Defendants were engaged in the joint undertaking of particular transaction for mutual profit, mutual control, mutual contribution and this joint undertaking was memorialized in a contract.

14. At all material times, Defendants acted as a joint venture for transportation of goods in interstate commerce.

15. Upon information and belief, CHR entered into a broker-motor carrier agreement with BHT.

16. At all material times, CHR should have known about the poor safety record of BHT.

17. At all material times, Defendant Singh was driving a vehicle owned, leased, assigned and/or operated by Defendants.

18. Accordingly, all Defendants are personally liable, jointly and severally, in partnership, joint venture, or sole proprietorship for the crash that caused Plaintiff to suffer catastrophic and fatal injuries.

19. Defendants acted in a manner that either alone, combined, and/or occurring with the actions of other Defendants, directly and proximately caused the crash and the resulting fatal injuries and death suffered by the Decedent.

20. At all material times, the Defendants were liable for the actions and/or inactions of Defendant Singh as though the actions and/or inactions were performed by the entity themselves.

21. At all material times, the Federal Motor Carrier Safety Regulations apply hereto, pursuant to Pennsylvania code.

22. At all material times, Plaintiff acted with due care and in no way caused or contributed to the crash that forms the basis of the lawsuit.

23. This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1332 as the Plaintiff is a citizen of Pennsylvania and the Defendant is a citizen of California, BHT's principal place of business is Indiana, CHR's principal place of business is Minnesota, the crash occurred in Clarion County, and the amount in controversy exceeds $150,000.

**FACTUAL BACKGROUND**

24. On July 7, 2025 at approximately 2:21 p.m., the Plaintiff was in the course and scope of his employment fixing a broken down tractor-trailer on the north shoulder of I-80 in Clarion County near mile marker 47.6.

25. At all material times the roads were wet.

26. At all material times the wet road conditions affected traction.

27. At all material times, the weather and road conditions were hazardous as defined by FMCSR 392.14.

28. On the same date, place and time, the Defendant was traveling west on I-80 in the right lane at a high rate of speed.

29. Upon information and belief, the Defendant was traveling at or near the posted speed limit of 70 mph.

4

30. Said speed was well in excess of the speed he should have been traveling in hazardous conditions.

31. Upon information and belief, the Defendant was in violation of the hours of service.

32. Upon information and belief, the Defendant was utilizing his cellular device.

33. Due to his high rate of speed, fatigue and level of distraction, the Defendant's vehicle left his lane of travel and struck the broken-down tractor-trailer.

34. After striking the broken-down tractor-trailer, he then struck the Plaintiff.

35. Upon impact the Plaintiff went flying, suffering horrific injuries.

36. After the impact, the Defendant would not allow the Investigating State Trooper to view his dash cam footage of the crash.

37. Just a little over a month before this crash on May 26, 2025, the Defendant was pulled over and charged with operating a CMV while using a handheld telephone and violating the 11-hour rule.

38. In the last two years, BHT had the following known issues that they failed to address and/or remedy:

   a. Speeding – 15 violations

   b. Lane violations – 7 violations

   c. Using a cell phone – 2 violations

   d. Severe HOS violations – 15 violations (Severity weight of 5+)

39. As a result of the impact, the Plaintiff suffered serious injuries to his entire body.

40. The load being hauled by Defendant Singh had a bill of lading which laid out what the product was, where it was coming from, where it was going, who the shipper was, and finally who the carrier that was responsible for transporting the load.

41. The bill of lading listed CHR as the designated carrier.

42. By being listed as the designated carrier for the load Defendant Singh was hauling, CHR was statutorily the employer of Defendant Singh under 49 USC 1402 and 49 USC 13901.

43. Instead of transporting the load, CHR selected BHT to transport it.

44. CHR should have known that BHT had a poor safety record for its vehicles and drivers.

45. Additionally, CHR controlled or had the right to control the manner in which BHT transported the product from Point A to Point B.

46. At all material times hereto, Defendant Sign was transporting a load brokered by CHR.

47. At all material times, CHR knew or should have known that BHT had an unsafe history in performing services as a motor carrier in the two years leading up to the crash, including, but not limited to the handheld cell phone, HOS violations, lane violations and speeding violations described above.

48. Defendants participated in, knew, or should have known that Defendant Singh was operating over hours, driving while fatigued, operating a CMV while utilizing a hand held device and otherwise operating the vehicle in an unsafe, dangerous and reckless condition in violation of the FMCSR and Pennsylvania law.

49. At all material times, Defendants knew of Defendant Singh's reckless and dangerous driving record, and chose to hire him anyway.

50. At all material times, Defendants knew of Defendant Singh's reckless disregard of the hours-of-service limits and/or use of hand held device, yet continued to allow him to operate a CMV.

51. At all material times, CHR knew of the poor safety record of BHT and chose to hire them to transport the subject load anyway.

52. This information was known and/or readily available to Defendants, all before the Crash that catastrophically injured the Plaintiff.

53. At all material times, Defendants knew or should have known that Defendant Singh has a propensity to violate the hours-of-service limits set forth by the FMCSR and/or utilize a hand held device while driving.

54. At all material times, the FMCSA as part of its Safety Management System maintained a user-friendly website that was available to the public that tracks the registration, safety and compliance of all motor carriers that have a USDOT number, like BHT.  The online FMCSA information also provided historical information and easy to understand explanations of how to use the site and what each category of information and score means.  The FMCSA's online public information also listed the crashes and safety violations for the last 24 months.

55. CHR was aware of the FMCSA website.

56. At all material times, the FMCSA website contained information that should have alerted CHR that BHT was unsafe, and/or not property authorized motor carriers that utilized unsafe drivers and equipment.

57. At all material times, CHR knew or should have known that BHT had a driver out of service percentage (OOS %) that was twice the national average, putting CHR on notice of the poor driving record of BHT's drivers.

58. Moreover, despite Defendant Singh's poor safety record, incompetence and dangerous behavior, Defendants negligently, recklessly and with conscious disregard for the safety of the motoring public operated, selected, hired, retained, and/or assigned him to deliver goods to its customers using tractors and trailers.

59. At all material times, Defendants exercised complete control over the routing of the vehicle driven by Defendant Singh at the time of the crash.

60. At all material times, CHR had the contractual right to and/or exercised control over the transportation of the load in question to such a degree that Defendant Singh and BHT should be considered agents of CLS Defendants.

61. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**SCOTT REGES v. JUGRAJ SINGH**

62. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

63. The negligence, carelessness and/or recklessness of the Defendant, individually and as the agent, servant, worker and/or employee of BHT and/or CHR, consisted of the following:

    a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b. Driving too fast for the conditions;

    c. Failing to pay proper attention while operating his tractor trailer;

    d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

    e. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

    f. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    g. Failing to remain alert;

h.  Traveling at an excessive rate of speed under the circumstances in violation of the FMCSR 392.14;

i.  Traveling at an excessive rate of speed despite hazardous conditions in violation of FMCSR 392.14;

j.  Failing to make necessary and reasonable observations while operating his tractor trailer;

k.  Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the Plaintiff;

l.  Failing to timely and properly apply his brakes;

m.  Consciously choosing to operate his CMV while utilizing a cellular phone in violation of FMCR 392.82;

n.  Consciously choosing to drive over the speed limit despite the hazardous weather conditions in violation of FMCSR 392.14;

o.  Consciously choosing to drive at a high rate of speed despite being fatigued due to the fact that he was in violation of the hours of service;

p.  Consciously choosing to drive at a high rate of speed in hazardous weather conditions while fatigued and utilizing a cellular phone despite knowing that he was creating an increased risk of crashing his tractor trailer; and

q.  Acting with a conscious disregard for the rights and safety of the Plaintiff.

64. As a direct and proximate cause of the negligence and/or recklessness of the Defendant, the Plaintiff suffered the following injuries:

a.  Shattered pelvis;

b.  Fractured ankle and heel;

c.  Multiple fractured ribs;

d.  Pneumothorax;

e.  Multiple spinal fractures;

f.  Kidney laceration and failure;

    g.  Lacerations;

    h.  Scarring;

    i.  Bruising;

    j.  Anxiety and panic attacks;

    k.  Spleen injury;

    l.  Insomnia; and

    m.  Pressure Ulcers.

65. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries including the following procedures:

    a.  Multiple tube thoracostomies;

    b.  ORIF

    c.  Abdominal exploratory laparotomy;

    d.  Splenectomy;

    e.  Tracheostomy;

    f.  Central venous catheter for hemodialysis;

    g.  Thoracentesis; and

    h.  Intubation.

66. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

67. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

68. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

69. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

70. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

71. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity / potential.

**WHEREFORE**, the Plaintiff, Scott Reges, hereby seeks all damages allowed including punitive damages from the Defendant, Jugraj Singh, in an amount in excess of $150,000.00.

## COUNT II
## NEGLIGENCE / RECKLESSNESS
## SCOTT REGES v. BLUE HORSE TRUCKING, INC. as being vicariously liable for Jugraj Singh

72. The preceding paragraphs are incorporated herein by reference as though fully set forth.

73. The negligence, carelessness, and/or recklessness of BHT, as being vicariously liable for the actions of Jugraj Singh, consisted of the following:

   a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

   b. Driving too fast for the conditions;

   c. Failing to pay proper attention while operating his tractor trailer;

   d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

11

e.  Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

f.  Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

g.  Failing to remain alert;

h.  Traveling at an excessive rate of speed under the circumstances in violation of the FMCSR 392.14;

i.  Traveling at an excessive rate of speed despite hazardous conditions in violation of FMCSR 392.14;

j.  Failing to make necessary and reasonable observations while operating his tractor trailer;

k.  Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the Plaintiff;

l.  Failing to timely and properly apply his brakes;

m.  Consciously choosing to operate his CMV while utilizing a cellular phone in violation of FMCR 392.82;

n.  Consciously choosing to drive over the speed limit despite the hazardous weather conditions in violation of FMCSR 392.14;

o.  Consciously choosing to drive at a high rate of speed despite being fatigued due to the fact that he was in violation of the hours of service;

p.  Consciously choosing to drive at a high rate of speed in hazardous weather conditions while fatigued and utilizing a cellular phone despite knowing that he was creating an increased risk of crashing his tractor trailer; and

q.  Acting with a conscious disregard for the rights and safety of the Plaintiff.

74. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Scott Reges, hereby seeks all damages including punitive damages from the Defendant, Blue Horse Trucking, Inc., as being vicariously liable for Jugraj Singh, in an amount in excess of $150,000.00.

## COUNT III
### NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
### SCOTT REGES v. BLUE HORSE TRUCKING, INC.

75. The preceding paragraphs are incorporated herein by reference as though fully set forth.

76. BHT had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

77. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

78. The negligence, carelessness and/or recklessness of BHT, individually and through its various employees, servants, agents and/or workers including, but not limited to Jugraj Singh, consisted of the following:

   a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

   b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

   d. Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations including cell phone usage and hours of service;

   e. Hiring and/or continuing to employ the Defendant despite the fact that that he had a propensity for speeding;

   f. Hiring and/or continuing to employ the Defendant despite his previous driving record;

g. Failing to have an appropriate disciplinary policy within the company;

h. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

i. Permitting the Defendant to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

j. Failing to train and/or properly train the Defendant prior to allowing him to operate its tractor trailer;

k. Allowing the Defendant to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

l. Failing to implement and/or enforce an effective safety system;

m. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

n. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

o. Failing to monitor and/or regulate its drivers' actions;

p. Failing to monitor and/or regulate its drivers' hours;

q. Failing to monitor and/or regulate speed at which the drivers drove;

r. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

s. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

t. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

u. Failing to have a policy or mechanism in place to address excessive speed in hazardous conditions;

v. Failing to have a policy or mechanism in place to address cell phone usage;

w. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

14

x. Failing to act upon and remedy known violations of FMCSA regulation 392.82, 392.14 and 395.

79. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Scott Reges, hereby seek all damages including punitive damages from the Defendant, Blue Horse Trucking, Inc. in an amount in excess of $150,000.00.

**COUNT IV**
**NEGLIGENCE / RECKLESSNESS**
**SCOTT REGES v. CH ROBINSON COMPANY INC. as being vicariously liable for Jugraj Singh**

80. The preceding paragraphs are incorporated herein by reference as though fully set forth.

81. The negligence, carelessness, and/or recklessness of CHR, as being vicariously liable for the actions of Jugraj Singh, consisted of the following:

a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

b. Driving too fast for the conditions;

c. Failing to pay proper attention while operating his tractor trailer;

d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

e. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

f. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

g. Failing to remain alert;

h. Traveling at an excessive rate of speed under the circumstances in violation of the FMCSR 392.14;

i.   Traveling at an excessive rate of speed despite hazardous conditions in violation of FMCSR 392.14;

j.   Failing to make necessary and reasonable observations while operating his tractor trailer;

k.   Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the Plaintiff;

l.   Failing to timely and properly apply his brakes;

m.  Consciously choosing to operate his CMV while utilizing a cellular phone in violation of FMCR 392.82;

n.   Consciously choosing to drive over the speed limit despite the hazardous weather conditions in violation of FMCSR 392.14;

o.   Consciously choosing to drive at a high rate of speed despite being fatigued due to the fact that he was in violation of the hours of service;

p.   Consciously choosing to drive at a high rate of speed in hazardous weather conditions while fatigued and utilizing a cellular phone despite knowing that he was creating an increased risk of crashing his tractor trailer; and

q.   Acting with a conscious disregard for the rights and safety of the Plaintiff.

82. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Scott Reges, hereby seeks all damages including punitive damages from the Defendant, CH Robinson Company Inc., as being vicariously liable for Jugraj Singh, in an amount in excess of $150,000.00.

**COUNT V**
**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION**
**SCOTT REGES v. CH ROBINSON COMPANY INC.**

83. The preceding paragraphs are incorporated herein by reference as though fully set forth.

84. CHR had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

16

85. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

86. The negligence, carelessness and/or recklessness of CHR, individually and through its various employees, servants, agents and/or workers including, but not limited to Jugraj Singh, consisted of the following:

    a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

    b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

    c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

    d. Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations including cell phone usage and hours of service;

    e. Hiring and/or continuing to employ the Defendant despite the fact that that he had a propensity for speeding;

    f. Hiring and/or continuing to employ the Defendant despite his previous driving record;

    g. Failing to have an appropriate disciplinary policy within the company;

    h. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

    i. Permitting the Defendant to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

    j. Failing to train and/or properly train the Defendant prior to allowing him to operate its tractor trailer;

    k. Allowing the Defendant to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

l.  Failing to implement and/or enforce an effective safety system;

m.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

n.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

o.  Failing to monitor and/or regulate its drivers' actions;

p.  Failing to monitor and/or regulate its drivers' hours;

q.  Failing to monitor and/or regulate speed at which the drivers drove;

r.  Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

s.  Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

t.  Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

u.  Failing to have a policy or mechanism in place to address excessive speed in hazardous conditions;

v.  Failing to have a policy or mechanism in place to address cell phone usage;

w.  Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

x.  Failing to act upon and remedy known violations of FMCSA regulation 392.82, 392.14 and 395.

87. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Scott Reges, hereby seek all damages including punitive damages from the Defendant, CH Robinson Company Inc. in an amount in excess of $150,000.00.

## COUNT VI
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION / SELECTION
## SCOTT REGES v. CH ROBINSON COMPANY INC.

88. The preceding paragraphs are incorporated herein by reference as though fully set forth.

89. CHR is subject to liability for physical harm caused to third persons for their failure to exercise reasonable care to select and employ competent and careful carriers to transport loads, which is an activity that involves a high risk of physical harm, unless skillfully and carefully done.

90. "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which involves a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons." See Rest. (Second) Torts § 411.

91. CHR had a conscious obligation and duty to select, hire, retain and supervise carriers to transport loads in a safe manner.

92. CHR had a conscious obligation and duty to exercise reasonable care in selecting a competent and careful carrier to transport loads.

93. At all material times, CHR knew or should have known that Defendant BHT had an unsafe history in performing services as a motor carrier as detailed above.

94. Additionally, CHR was negligent and/or reckless in the selection of BHT as a carrier because it knew or should have known that BHT was negligent / reckless in the following ways:

    a. Failing to properly train, monitor, and/or supervise its employees, drivers and/or agents including Defendant Singh;

b.  Failing to train and/or properly train Defendant Singh prior to allowing him to operate its vehicle;

c.  Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

d.  Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

e.  Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations;

f.  Hiring and/or continuing to employ the Defendant despite the fact that that he had a propensity for driving over the regulated hours in violation of FMCSR 395;

g.  Hiring and/or continuing to employ the Defendant despite his previous driving record;

h.  Failing to have an appropriate disciplinary policy within the company;

i.  Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

j.  Permitting the Defendant to operate a CMV when it knew or should have known that he was not properly qualified and/or trained and/or would operate the vehicle while utilizing a hand held device;

k.  Failing to train and/or properly train the Defendant prior to allowing him to operate its CMV;

l.  Allowing the Defendant to operate a CMV in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m.  Failing to adopt appropriate employee manuals and/or training procedures;

n.  Failing to implement and/or enforce an effective safety system;

o.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations including 395;

p.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations including 395;

20

q. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

r. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s. Failing to monitor and/or regulate its drivers' actions;

t. Failing to suspend, discipline, or provide remedial training to Defendant Singh prior to the Crash despite his history of unsafe driving practices;

u. Habitually and recklessly disregarding state and federal laws, regulations, and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the motoring public and created a danger to all motorists exposed to its unsafe commercial motor vehicle drivers like Defendant Singh; and

v. Failing to act upon and remedy violations of FMCSA regulation 395.

95. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Scott Reges hereby seeks all damages including punitive damages from CH Robinson Company Inc. in an amount in excess of $150,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

21

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC


BY:    */s/ K. Clancy Boylan*
       KEVIN CLANCY BOYLAN, ESQUIRE
       Pa ID# 314117
       Attorneys for the Plaintiff
       Morgan & Morgan Philadelphia PLLC
       603 Stanwix St., Ste. 1825
       Pittsburgh, PA 15222
       Ph: 215-446-9795
       cboylan@forthepeople.com