**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT REGES <br><br>            Plaintiff, <br><br>     v. <br><br> JUGRAJ SINGH, BLUE HORSE TRUCKING, INC., AND C.H. ROBINSON COMPANY, INC. d/b/a C.H. ROBINSON WORLDWIDE INC. <br><br>            Defendants. | Case No. 2:25-cv-01215-NR |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT C.H. ROBINSON COMPANY, INC.'S MOTION TO STAY PENDING U.S. SUPREME COURT DECISION IN *MONTGOMERY V. CARIBE TRANSPORT II, LLC***

Plaintiff, Scott Reges, by and through undersigned counsel, Morgan & Morgan Philadelphia, PLLC, hereby submits this Brief in Opposition to Defendant C.H. Robinson Company, Inc.'s Motion to Stay pending the United States Supreme Court's decision in *Montgomery v. Caribe Transport II, LLC* (Doc. 47), and states as follows:

**I.     INTRODUCTION**

On July 7, 2025, Defendant Jugraj Singh was driving a tractor trailer at a high rate of speed, during hazardous conditions, while also operating a handheld cell phone and also operating over hours and fatigued. *See* Doc. 26 (Amended Complaint) at ⁋⁋ 28-32. Driver Singh was, at the time, within the course and scope of his employment of Defendants Blue Horse Trucking, Inc. (BHT) and CH Robinson Company, Inc. d/b/a C.H. Robinson Worldwide Inc. (C.H. Robinson), who are vicariously liable for his negligent and reckless actions. *See e.g. Id.* at ⁋⁋ 5, 40-43, 45-46, 59-60. Moreover, it is alleged that BHT drivers had a poor driving record, which was information available to C.H. Robinson, who allegedly brokered the load being carried by Driver Singh and BHT. *See Id.* at ⁋⁋ 37-38, 44, 47-58.

1

At the same time and place, Plaintiff Scott Reges was fixing a broken-down tractor-trailer on the north shoulder of I-80 in Clarion County. *Id.* at ¶ 24. Notwithstanding the hazardous weather conditions, Driver Singh was traveling west in the right lane on I-80 at a high rate of speed for the conditions. *Id.* at ¶¶ 28-30. As a result of his high rate of speed as well as his fatigue and distraction, Driver Singh's vehicle left his lane of travel and struck the broken-down tractor-trailer and then struck Mr. Reges, propelling him into the air and causing him to suffer horrific injuries as a result of this collision. *Id.* at ¶¶ 33-35, 64-65.

Plaintiff has pleaded that C.H. Robinson, which was subject to all federal and state laws including the Federal Motor Carrier Safety Regulations, is vicariously liable for the negligent and reckless actions of Driver Singh, who was under its (and BHT's) direction, control, and authority, and was negligent and reckless in the hiring, supervision, retention and selection of BHT and Driver Singh. Based upon discovery to-date, Plaintiff amended his complaint to add C.H. Robinson, for its vicarious liability for the negligent and reckless actions of the other defendants and its own negligent and/or reckless hiring, supervision and retention of BHT and Driver Singh. *See Id.* at ¶¶ 80-82 (Count IV), 83-87 (Count V), 88-95 (Count VI).

## II.   LEGAL STANDARD

A district court has inherent authority to control its docket. *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976)(citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). However, that authority must be exercised with "sound discretion." *Id.* In *Landis*, the United States Supreme Court held that: "[O]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." 299 U.S. at 255. Here, the requested stay is discretionary. It is not jurisdictional, not statutory, and not compelled by binding precedent. Under

controlling Third Circuit authority, a stay is an extraordinary measure requiring a clear showing of hardship and a careful balancing of competing interests.  *See Bechtel Corp.*, 544 F.2d at 1215.

III.    **ARGUMENT**

     A.    **C.H. Robinson has not Shown Exceptional Circumstances or Prejudice Warranting a Stay**

C.H. Robinson asks this Court to halt the litigation based solely on the possibility that the Supreme Court may clarify or alter preemption doctrine in a separate case involving different parties in an effort to potentially save litigation costs.  But, the existence of a pending Supreme Court case addressing a legal issue does not, standing alone, constitute the type of rare circumstance contemplated in *Landis*.  District courts are routinely required to apply existing law even when related issues are under appellate review elsewhere.

Moreover, the broker claim that is the subject of the United States Supreme Court's review in *Montgomery* is not the only claim filed against C.H. Robinson in this case.  Here, Plaintiff has pleaded that C.H. Robinson is vicariously liable for the negligent and reckless actions of Driver Singh and was negligent and reckless in the hiring, supervision, retention and selection of Defendants BHT and Driver Singh.  There *will* be discovery on these issues regardless of the outcome of *Montgomery*.  Further, C.H. Robinson has not, but with minimal effort, can produce documentation integral in determining the roles of each party in the transportation cycle; C.H. Robinson's control over the load; C.H. Robinson's role as broker or motor carrier; who Driver Singh was an employee of; and/or if Defendants were all engaged in a joint venture.

     B.    **A Stay Would Substantially Prejudice Plaintiff**

This case relates to a serious collision, resulting in substantial and life-altering injuries to Plaintiff.  The prejudice from a stay of the matter is concrete and significant.  This case does not

involve abstract commercial disputes; rather, it involves an individual who is seeking resolution of this matter following serious and life-altering injuries that require ongoing treatment.

Additionally, a stay risks degradation of witness recollection.  Fact discovery concerning driver conduct (outside of the stay granted for Defendant Singh's criminal case), corporate safety practices, and accident circumstances depends on timely testimony.  And, under *Bechtel*, courts must weigh competing interests carefully before depriving litigants of timely adjudication.  544 F.2d at 1215.  Plaintiff submits that the prejudice here is substantial to him.

**C.     The Requested Stay is Speculative and Potentially Indefinite in Practical Effect**

C.H. Robinson characterizes the stay as lasting approximately six months. That projection, predicated upon the Supreme Court's decision, is speculative.  While Supreme Court decisions are often issued by late June, no fixed deadline guarantees that timeline.  Even assuming a decision occurs this term, further delay will follow, including supplemental briefing on the impact of the decision; potential amendment of pleadings; recalibration of case deadlines; and, re-coordination of discovery.  Thus, the practical delay could extend well beyond the narrow window described in the motion.

**D.     Judicial Economy Does Not Favor Halting this Case**

Even if the Supreme Court were to rule in C.H. Robinson's favor on the preemption issue, the following would still proceed in this matter:

- Claims that C.H. Robinson is vicariously liable for the negligent and reckless actions of Driver Singh;

- Claims that C.H. Robinson was negligent and reckless in the hiring, supervision, retention and selection of BHT and Driver Singh;

- Claims against BHT and Driver Singh;

- Discovery regarding the accident itself;

4

- Fact development concerning driver conduct and causation; and,

- Damages discovery.

Accordingly, much of the discovery that must occur in this case will proceed regardless of the outcome in *Montgomery*. To that end, staying the entire matter would not materially conserve judicial resources. Instead, it would fragment case management and delay coordinated discovery that will be necessary in any event.

### E.       The Balance of Interests Weighs Against a Stay

Applying the *Landis*/*Bechtel* framework, the asserted basis for the stay is contingent and speculative; the prejudice to Plaintiff from delay is significant; the requested stay would disrupt case management; and, judicial economy gains are uncertain and limited. At bottom, this is not the rare circumstance in which one litigant should be required to stand aside while another case settles a rule of law.

## IV.       ALTERNATIVE RELIEF

Rather than staying this case, Plaintiff consents to a six-month extension of the scheduling deadlines in this matter to allow the parties to conduct discovery and proceed on the matters discussed above, which balances the interests of the parties.

## V.       CONCLUSION

Because C.H. Robinson has not demonstrated the exceptional circumstances required and because the balance of interests weighs against halting this action, Plaintiff respectfully requests that the Motion to Stay be denied.

Respectfully Submitted,

Morgan & Morgan Philadelphia, PLLC

*/s/Kevin Clancy Boylan*
KEVIN CLANCY BOYLAN, ESQUIRE
ID#: 314117
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
P. (215) 446-9794
E. cboylan@forthepeople.com
*Attorney for Plaintiff Amy Tama*

6